O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN BENJAMIN, | Case No. CV 08-7718-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Kristin Benjamin seeks judicial review of the Commissioner's denial of her application for Social Security Disability Insurance benefits. For the reasons set forth below, the decision of the Commissioner is affirmed.

**I.   Procedural and Factual History**

Plaintiff filed her application for disability benefits on April 24, 2006, alleging disability as of April 1, 2005 due to depression. (Administrative Record ("AR") at 8, 78). The record reveals that Plaintiff was born on March 2, 1956. (AR at 78). She has a high school education and has worked as a care giver and pet sitter. (AR at 24, 27.)

Plaintiff's application was denied initially on September 13, 2006. (AR at 56-60.) An administrative hearing was held on November 21, 2007, before Administrative Law Judge ("ALJ") Peggy Zirlin. (AR at 29-53.) Plaintiff was represented by attorney Laura Krank. Plaintiff testified at the hearing (AR at 32-48), as did Vocational Expert ("VE") Alan Broskin. (AR at 48-52.)

ALJ Zirlin issued an unfavorable decision on February 29, 2008. (AR at 8-28.) The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2006.[1] (AR at 10.) The ALJ further found that Plaintiff had not engaged in substantial gainful activity since April 1, 2005, the alleged onset date; that Plaintiff's psychological impairment was severe within the meaning of 20 C.F.R. 416.920©; but that Plaintiff's impairments did not meet and wee not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ determined that while Plaintiff could not perform her past relevant work, she retained the residual functional capacity ("RFC") to perform simple work at all exertional levels. (AR at 11.) Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f).

Plaintiff's request for review was denied by the Appeals Council on September 26, 2008. (AR at 1-3, 4.) On November 26, 2008, Plaintiff timely commenced this action for judicial review. On June 30, 2009, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) improperly

---

[1] Plaintiff must demonstrate that she was disabled on or before her date last insured in order to obtain Social Security disability benefits. *See Tidwell v. Apfel*, 161 F.3d 599, 600 (9th Cir. 1998).

rejecting the opinion of Plaintiff's treating physician and, (2) failing to provide clear and convincing reasons for rejecting Plaintiff's subjective complaints. (Joint Stip. at 3.)  Plaintiff seeks reversal of the Commissioner's denial of her application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 24.)  The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 25.)

## II.   Standard of Review

The Court must uphold the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//
//
//

**III. Discussion**

    **A.    The ALJ Accorded Appropriate Weight to the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of her treating psychiatrist, Dr. Neil Remington. (Joint Stip. at 4.)  In a post-hearing mental residual functional capacity assessment dated November 30, 2007, Dr. Remington found that Plaintiff would have marked difficulties in maintaining social functioning. (AR at 282.)  Dr. Remington noted that he had prescribed Celexa, Seroquel, Buspar and Trazadone, which had resulted in some reduction of Plaintiff's depressive symptoms, but Plaintiff continued to demonstrate an inability to resolve interpersonal issues. (AR at 280.) Dr. Remington also noted: "[Plaintiff's] recurrent pattern is of conflicted relationships in work and other settings.  As a result, she has been unable to maintain stability in work and living situations.  She appears unaware of her contributions to these recurrent difficulties." (Id.)  Dr. Remington further determined that Plaintiff would likely be absent from work as a result of her impairments approximately three times a month. (Id.) Dr. Remington assigned Plaintiff a Global Assessment of Functioning ("GAF") score of 49, indicating serious limitations in social or occupational functioning. (AR at 279.) The ALJ rejected Dr. Remington's opinion regarding Plaintiff's limitations, concluding that Dr. Remington's treating source opinion was not entitled to controlling weight. (AR at 20-22.)

The ALJ should generally accord greater probative weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(d)(2). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor

4

of a non-treating physician's contradictory opinion. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii); *Orn*, 495 F.3d at 631-33.

The ALJ provided several legitimate, well-supported reasons for refusing to give Dr. Remington's opinion controlling weight. First, the ALJ noted that Dr. Remington's post-hearing RFC assessment form was consistently contradicted by Dr. Remington's treatment notes. For example, the ALJ noted, "Although Dr. Remington states that [Plaintiff] has a mood disturbance, the treatment notes show that with medication compliance, her mood is not described as consistently depressed or anxious." (AR at 20.) The ALJ also stated, "Dr. Remington asserts that [Plaintiff] has difficulty thinking or concentrating. However, the treatment notes show that with medication compliance, [Plaintiff] does not present with severe and ongoing thought process deficits or severe concentration deficits." (Id.) The ALJ also thoroughly and in detail discussed the records of Plaintiff's monthly visits with Dr. Remington from January 2005 through October 2007. (AR at 14-19.) *See Orn*, 495 F.3d at 632 (holding that the ALJ may reject the treating physician's opinion

"by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings"). The ALJ correctly noted that Dr. Remington's treatment notes from these monthly visits generally state that Plaintiff is doing well on her medication, has few side effects from her medication, denies suicidal ideation, and that her mental status examinations are usually within normal limits. (AR at 14-19, 194-277.)

The ALJ also pointed out other conflicts between the medical record and Dr. Remington's November 2007 RFC assessment of Plaintiff.  For example, Dr. Remington's claim that Plaintiff had a pattern of conflicted relationships at work and that she was incapable of maintaining stability in a work environment was contradicted by the evidence that her last two jobs both lasted for an extended period. (AR at 20.)  As the ALJ pointed out, Plaintiff testified that the only reason why her pet sitting job ended was because the company went out of business. (AR at 20, 46.)  Also, the record did not support Dr. Remington's claim that Plaintiff had a marked limitation in social functioning because she was able to care for herself and her pets, as well as maintain interpersonal relationships with her friends and her boyfriend. (AR at 21.)  It was reasonable for the ALJ to give less weight to Dr. Remington's RFC assessment because it contradicted his treatment notes and other evidence in the record. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that contradiction between doctor's treatment notes and finding of disability was valid reason to reject treating physician's opinion); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1989) (holding that it is the responsibility of the ALJ to resolve conflicts and ambiguities in the medical record and determine the credibility of medical sources).

1    The ALJ also rejected Dr. Remington's November 2007 RFC assessment
2 because it was contradicted by the opinion of the consulting
3 psychiatrist, Dr. Norma R. Paculdo. (AR at 22.) On August 14, 2006, Dr.
4 Paculdo performed a psychiatric examination of Plaintiff. (AR at 160-
5 162.) As noted by the ALJ, the mental status examination showed that
6 Plaintiff was alert and cooperative, her behavior was appropriate, her
7 concentration and attention span were fair to good, she had no suicidal
8 or homicidal ideation, she had no thought disorders or hallucinations,
9 nor was she confused or disorganized. (AR at 17.) Dr. Paculdo found
10 that Plaintiff exaggerated her symptoms. (AR at 22.) Dr. Paculdo
11 diagnosed Plaintiff with an anxiety disorder, not otherwise specified,
12 with a GAF score of 70. (AR at 18, 161-162.) Dr. Paculdo determined
13 that Plaintiff was able to perform simple and repetitive tasks, maintain
14 regular attendance in the workplace, perform work activities on a
15 consistent basis and without special or additional supervision, interact
16 with co-workers and the public, and deal with the usual stresses common
17 to a work environment. (Id.) The ALJ credited Dr. Paculdo's RFC
18 assessment, finding that it was consistent with the longitudinal
19 treatment record, unlike Dr. Remington's RFC assessment, which was
20 contradicted by medical and other evidence in the record. (AR at 22.)
21 *See Tonapetyan*, 242 F.3d at 1149 (holding that the contrary opinion of
22 an examining physician "may constitute substantial evidence when it is
23 consistent with other independent evidence in the record").

24    The ALJ provided specific and legitimate reasons for rejecting Dr.
25 Remington's assessment, each of which is supported by substantial
26 evidence in the record. Therefore, no relief is warranted on this
27 issue.
28 //

**B.  The ALJ Accorded Appropriate Weight to Plaintiff's Subjective Complaints**

Plaintiff contends that the ALJ failed to properly evaluate her subjective complaints. (Joint Stip. at 15.)  The ALJ found that Plaintiff's subjective complaints and alleged limitations were out of proportion to the clinical findings and observed functional restrictions as noted in her treatment records, as well as the findings from the psychiatric consultative examination. (AR at 23.)  For the reasons discussed below, the Court finds that the ALJ accorded appropriate weight to Plaintiff's subjective complaints.

When deciding whether to accept the testimony of a claimant, the ALJ must perform a two-step analysis.  At the first step, the claimant must produce objective medical evidence of one or more impairments, and show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Smolen v. Chater*, 80 F.3d 1273, 1281-1282 (citing *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986)).  The claimant is not required to produce objective medical evidence of the symptom itself or the severity of the symptom. *Id*. at 1282 (citing *Bunnell v. Sullivan*, 947 F.2d, 341, 347-348 (9th Cir. 1991)).  At the second step of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of her symptoms.  If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings giving clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that conclusion. *Id*. at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).

The ALJ gave specific reasons for finding that Plaintiff's

subjective testimony was not entirely credible, each of which is fully supported by the record. The ALJ found that Plaintiff's subjective complaints and alleged limitations were not consistent with the relatively conservative treatment she receives. (AR at 23.) She noted that the treatment records indicate that Plaintiff has responded well to treatment with oral medication and sees Dr. Remington on a monthly basis. (Id.) Plaintiff has not required any psychiatric hospitalization nor has she been referred for individualized treatment or therapy on a more frequent basis. (Id.) Thus, the ALJ concluded that Plaintiff "does not have ongoing mental health treatment that would affect her ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis." (Id.) *See Parra v. Astrue*, 481 F.3d 742, 750-751 (9th Cir. 2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment").

The ALJ also found that Plaintiff's complaints about the alleged serious side effects of her medication were not fully credible. Plaintiff contended that she could not hold a job because her medications made her extremely drowsy. The ALJ found that this claim was contradicted by Plaintiff's statements to Dr. Remington, as recorded in Plaintiff's treatment records over a three year period, that she was generally not experiencing any severe side effects from her medication, except for occasional dry mouth. (AR at 23.)

The ALJ also discredited Plaintiff's subjective testimony because she was "not as forthcoming about her history of substance abuse in testimony as she was with the treating psychiatrist." (AR at 23.) During the administrative hearing, Plaintiff testified that she rarely drinks alcohol and only tried street drugs one time. (AR at 21, 40-41.)

Plaintiff also denied any history of drug or alcohol abuse at the psychiatric consultative examination. (AR at 21, 161.) However, Plaintiff's treatment records show that, in September 2005, she reported that she "had stopped using marijuana." (AR at 21, 261.) Plaintiff told Dr. Remington in November 2006 that she "occasionally uses methamphetamines," with the last use a couple of weeks ago. (AR at 21, 256.) In January 2007, Plaintiff reported sobriety from methamphetamines for only one month. (AR at 21, 255.) In weighing Plaintiff's credibility, the ALJ properly considered "inconsistencies either in [Plaintiff's] testimony or between [her] testimony and [her] conduct." *Thomas*, 278 F.3d at 958-959.

The ALJ also noted that Plaintiff was not fully credible because the psychiatric consultative examiner found that Plaintiff exaggerated her symptoms. (AR at 23, 160.)

In addition, the ALJ found Plaintiff's subjective complaints not wholly credible because she was able to perform all of the activities of daily living. (AR at 23.) The ALJ noted that Plaintiff's activities of daily living "show that [Plaintiff] does not have the extreme cognitive or behavioral problems alleged, or the contention that she is unable to function independently, appropriately or effectively as alleged." (Id.) The ALJ noted in detail that Plaintiff has been able to manage her homeless status for the last three years, cares for herself and her pet, uses her general relief money and food stamps to buy food, drives, goes to churches for free meals, searches and applies for jobs, goes to the library, and uses the computer. (AR at 23.) *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f, despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would

not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working.")

The ALJ made specific findings articulating clear and convincing reasons for her rejection of Plaintiff's subjective testimony. *Smolen*, 80 F.3d at 1284. As previously noted, it is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. *Magallanes v. Brown*, 881 F.2d 747, 750 (9th Cir. 1989). A reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair*, 885 F.2d at 604. It was reasonable for the ALJ to rely on all of the reasons stated above, each of which is fully supported by the record, in rejecting the credibility of Plaintiff's subjective complaints. In sum, the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of her symptoms as not being wholly credible.

## IV. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED**.

DATED: July 7, 2009

_____
Marc L. Goldman
United States Magistrate Judge